Eastern Dist.
*February*, 1838.

PERRON
*vs.*
MAILLAN.

Demand of payment must be made personally, or at the domicil of the drawer of a note, in order to bind the endorser, when no particular place is designated for payment.

It will not suffice on the notary's being told that the drawer had removed or lived in another parish, to refrain from any further demand, and merely to notify the endorser of the non-payment of the note. In such a case the endorser is released.

---

## PERRON *vs.* MAILLAN.

APPEAL FROM THE COURT OF THE FOUTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE THEREOF PRESIDING.

A sheriff's deed of sale, not recorded in the parish where the land is situated, will not have effect against a subsequent purchaser, in good · faith, from the original proprietor, and who is in possession of the premises.

The first purchaser, by permitting the former owner to remain in possession, and giving no public notice of his claim, thereby gives him power to alienate as the true owner.

This is a petitory action to recover a tract of land in the parish of West Baton Rouge, in the possession and claimed by the defendant as owner. See 10 *Louisiana Reports*, 520.

The plaintiff claims to have a better title, under a sheriff's deed of sale to one Maximillian Le Blanc, for four hundred and sixty dollars, dated the 2d January, 1828, and recorded in the office of the clerk of the parish of West Baton Rouge, the 31st of the same month. Baptiste Guidry, the debtor against whom the execution issued, was suffered to remain in possession. The plaintiff showed a regular chain of title from Le Blanc.

The defendant holds under a notarial act of sale, passed before the parish judge of West Baton Rouge, from Baptiste Guidry to him, dated the 22d November, 1830, and duly recorded in the parish judge's office.

The district judge was of opinion the defendant's title was superior and better than the plaintiff's. Judgment was given for the defendant, and the plaintiff appealed.

*Labauve*, for the plaintiff and appellant.

*Bullard, J.*, delivered the opinion of the court.

This case was before us at last February term, and was then remanded for a new trial, with directions to the judge to receive in evidence a sheriff's deed, which forms the basis of the plaintiff's alleged title to the premises in controversy. The facts of the case are sufficiently set forth in the opinion of the court, and the report of the case in 10 *Louisiana Reports*, 520. On the second trial, a judgment having been rendered for the defendant, the plaintiff has again appealed.

The defendant is in possession under a purchase from the original proprietor, who sold long after the date of the sheriff's deed. It appears that the sheriff's deed never was recorded in the parish where the land is situated; nor is it

shown that the defendant had any knowlege of the previous sale by the sheriff. We are of opinion that the court did not err in refusing to give effect to the first sale, against a subsequent purchaser, in good faith, in possession of the premises, and in considering the title of the defendant as better than that of the plaintiff.

The first purchaser, by permitting the former owner to remain in possession, and by giving no public notice of his claim, put it in his power to represent himself as the true owner.

EASTERN DIST.
*February,* 1838.

The first purchaser, by permitting the former owner to remain in possession, and giving no public notice of his claim, thereby gives him power to alienate as the true owner.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.